**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4810**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

JUAN CARLOS MARTINEZ, a/k/a Chico, a/k/a Christian E. Mejia-Orduna,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (5:10-cr-00263-FL-1)

———————

Submitted: April 23, 2012          Decided: May 10, 2012

———————

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Martinez pled guilty in accordance with a written plea agreement to conspiracy to distribute fifty grams or more of methamphetamine, a quantity of marijuana, and a quantity of cocaine. He was sentenced to 262 months in prison. He now appeals. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for appeal. Martinez was advised of his right to file a pro se supplemental brief but has not filed such a brief. We affirm.

The sole issue raised on appeal is whether defense counsel was ineffective for failing to ensure that Martinez fully understood the nature and consequences of his plea. To allow for adequate development of the record, a defendant ordinarily must bring a claim of ineffective assistance of counsel in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion unless it conclusively appears on the face of the record that counsel's representation was constitutionally infirm. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

Here, no such error is apparent from the record. We note that Martinez, who was provided with an interpreter at his Fed. R. Crim. P. 11 hearing, was twenty-one at the time of the hearing and had an eleventh-grade education. He informed the court that he understood the charges against him, the rights he

waived by pleading guilty, and the penalties that he faced. He expressed satisfaction with his attorney's services. Additionally, Martinez admitted his guilt and stated that his guilty plea was not the result of force, threats, or promises other than those contained in the plea agreement. A defendant's representations at the plea colloquy "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 64 (1977). In light of Martinez's representations at the hearing, we reject his claim of ineffective assistance of counsel.

We have examined the entire record in accordance with Anders and have found no meritorious issues for appeal. We accordingly affirm. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3